IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | Criminal No. 7:05-cr-5 (HL) |
| : | |
| **NICKY TAMPAS,** : | |
| : | |
| Defendant.   : | |

## ORDER

Defendant, Nicky Tampas, has moved the Court to dismiss Counts One, Two, Three, and Six of the superseding indictment [docs 70 & 76]. The Court heard oral argument on the motions on October 25, 2005. After consideration of the briefs and arguments of counsel, the Court denies Defendant's motions to dismiss for the reasons that follow.

Counts One and Two

In Count One Tampas is charged with conspiring to embezzle from an organization receiving federal funds, in violation of 18 U.S.C. § 371 in connection with 18 U.S.C. § 666. The object of the conspiracy as alleged in the indictment was to, among other things, "embezzle, steal and obtain by fraud and without authority $864,000 of funds of the YMCA for the personal benefit of the defendants." (Superseding Indictment ¶ 25.) The manner and means alleged was to "divert approximately $864,000 in official YMCA funds to Patrick and Patrick's employees." (Superseding Indictment ¶ 30.) The indictment further alleges that "[a] total of $864,401 in YMCA checks was diverted from the YMCA to Patrick and his

employees (Superseding Indictment ¶ 16), and "Tampas and Patrick paid Patrick's employees in part with checks from the YMCA for the labor they performed at Tampas' personal residence." (Superseding Indictment ¶ 17.) The indictment alleges the following overt act, among others, which is also Count Two of the indictment: Defendants "did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner, and intentionally misapply, property having a value in excess of $5,000 under the care, custody and control of the YMCA to their own use." (Superseding Indictment ¶ 35 & Count Two.)

Tampas contends discovery provided by the Government shows that $864,401 was the total amount paid to Patrick and his employees during the period of the indictment. He further contends that discovery provided by the Government also shows that Patrick and his employees did work at the YMCA during the period in question for which they were entitled to be paid. Tampas maintains, therefore, that the Government cannot, in good faith, proceed under an indictment that alleges that all of the $864,401 paid to Patrick was stolen when, in fact, the Government knows and acknowledges that the YMCA received value for some portion of the $864,401 paid to Patrick. Tampas contends the Government has wrongfully shifted the burden to him to prove what work was done by Patrick to earn the money, rather than placing the burden on the Government to show what amounts were stolen. Tampas moves the Court to dismiss Counts One and Two of the superseding indictment.

Tampas does not contend that the indictment is subject to dismissal because it is

insufficient. To the contrary, Tampas concedes that the Government need only prove embezzlement of an amount in excess of $5,000.[1] Tampas argues, however, that the Government's "obligation to proceed in good faith requires it to allege and attempt to prove what it believes to be true, not what it knows to be false." (Reply Br. at 3.) As to this contention, there can be little disagreement–the Government should not act in bad faith, nor should it proceed against a defendant based on information it knows to be false. However, Tampas has failed to persuade the Court that the Government's conduct in proceeding under Counts One and Two is done in bad faith or undertaken on the basis of information it knows to be false.

Tampas contends that Patrick did work for the YMCA that conferred some value to it. However, the value of Patrick's services to the YMCA is clearly a matter of dispute. Furthermore, the work that Patrick performed was allegedly obtained as part of a scheme of kickbacks and lucrative contracts, so that even work that may have added value to the YMCA was still part and parcel of the entire scheme as alleged by the Government. Moreover, the nature of the scheme alleged makes it difficult to determine the precise amount of money taken from the YMCA and a clear picture of how much money was actually taken, from what sources, and by whom, has yet to develop. Given these circumstances, the Court finds no bad faith by the Government in proceeding against Tampas using the dollar amounts alleged in

---

[1] Tampas states, "[i]t is true that the Government need only prove embezzlement in excess of $5,000.00." (Reply Br. at 3.) This statement is only partially accurate. The statute requires that the amount embezzled be valued *at* $5,000 or more. 18 U.S.C.A. § 666(a)(1)(A)(i) (West 2000).

the superseding indictment. The motion is denied insofar as it seeks dismissal of Counts One and Two.[2]

Count Three

In Count Three Tampas is charged with embezzling funds from an organization receiving federal funds in violation of 18 U.S.C. § 666. More specifically, Count Three charges that Tampas "converted to his own use monies in the amount of approximately $50,000.00 by using his YMCA American Express Card to make personal purchases." (Superseding Indictment Count 3.) Tampas contends that Count Three is duplicitous because it incorporates by reference paragraphs 1 through 34 of Count One, which deal with the Government's allegations against Patrick and Tampas but which have nothing to do with the YMCA American Express Card.

The Government contends that many of the facts that it will use to prove Count Three are the same as those that will be used to prove Counts One and Two and maintains that incorporating those allegations does not make Count Three either duplicitous or multiplicitous. (Resp. Mot. Dismiss and Mot. in Limine at 7.) The Court agrees. Count Three charges separate conduct which Tampas allegedly undertook on his own (hence, Lee Patrick is not also named in Count Three), but which was part of the general scheme by Tampas, aided by Patrick, to divert YMCA funds to his own use. Thus Count Three charges

---

[2] Tampas also argues that Count Two should be dismissed because it is duplicitous. (Am. Mot. Dismiss at 3.) The Court finds that Count Two is not duplicitous and also denies the motion as to this ground.

an offense separate from those charged in Counts One and Two and is neither duplicitous nor multiplicitous.  Therefore, the motion is denied insofar as it seeks dismissal of Count Three.

Count Six

In Count Six Tampas is charged with violating 18 U.S.C. § 1512(b)(3).  Specifically, the indictment alleges that Tampas

> did knowingly engage, and attempt to engage, in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of America information relating to the possible commission of federal offenses, that is the conspiracy to embezzle, and embezzlement . . . in that Tampas requested an employee of the YMCA to create back-dated records for work Patrick allegedly performed at the YMCA.

(Superseding Indictment Count Six.)  Section 1512(b)(3) provides as follows:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
> . . . .
>
> (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation[,] supervised release,[] parole, or release pending judicial proceedings;
>
> shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C.A. § 1512(b)(3) (West Supp. 2005).

Tampas contends that because the indictment alleges only that Tampas requested an employee to back-date the record, and fails to allege any misleading conduct, the indictment

should be dismissed.  Tampas thus challenges the adequacy of the indictment.

With respect to the adequacy of an indictment, the Supreme Court of the United States has provided the following test:

> . . . an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

Hamling v. United States, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907 (1974).  "Additionally, an indictment that adheres to the language of the statute is generally sufficient so long as the indictment sets forth the essential elements of the crime."  United States v. Edwards, 777 F.2d 644, 650 (11th Cir. 1985).  The Court finds that Count Six is sufficient to satisfy the foregoing standards.

Tampas argues that because the indictment merely alleges that he "requested" that an employee back-date the records, it is insufficient because it fails to show there was misleading conduct.  However, in the Court's view, this does not make the indictment subject to dismissal, it merely frames the issues which the jury must decide, i.e., whether Tampas asked an employee to back-date the records and whether in the course of so doing he engaged in misleading conduct toward that person.  Tampas' motion asks the Court to determine before trial what the evidence will show, which the Court declines to do.  Tampas' arguments might more properly be presented at trial in the form of a Rule 29 Motion for Judgment of Acquittal, however, they are not sufficient to persuade the Court that dismissal is appropriate.

6

Accordingly, the motion to dismiss is denied insofar as it seeks dismissal of Count Six.

For the foregoing reasons, Defendant's Motion to Dismiss [doc 70] and Amended Motion to Dismiss [doc 76] are denied.

**SO ORDERED**, this the 3rd day of November, 2005.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls